## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CAROL J. HULSE,                          )
                                         )
                Plaintiff,                )
                                         )
v.                                       )        Case No. 06-1168-WEB
                                         )
SUBURBAN MOBILE HOME SUPPLY              )
COMPANY , *et al.,*                      )
                                         )
                Defendants.               )
_____ )

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion for  an Order Granting *Ex Parte*

Interviews with Treating Physicians (Doc. 16), filed on September 18, 2006.

Plaintiffs filed a Response in Opposition (Doc. 19)[1] on October 2, 2006, followed

by Defendants' Reply (Doc. 21) on October 4, 2006.  After careful consideration of

the briefing of the parties, the authorities stated therein, and the numerous exhibits

submitted, the Court is prepared to rule on Defendants' motion.

## BACKGROUND

This case arises out of an motor vehicle accident that resulted in personal

---

[1]  Plaintiff also filed a supplement to her response which attached a copy of an unpublished opinion cited in the brief.  (Doc. 22.)

injury to Plaintiff requiring medical care and treatment.  (Doc. 1.)  Plaintiff filed

her Complaint (Doc. 1) on June 12, 2006, alleging negligence by Defendant Ward.

Plaintiff alleges Defendant Suburban Mobile Home Supply is also liable under the

doctrine of respondeat superior in that it allegedly employed Ward at the time of

the accident.  Plaintiff claims past and future medical expenses, past and future

pain and suffering, and loss of earnings.  In their Answer, Defendants generally

deny Plaintiffs' allegations of negligence.  (Doc. 5.)

Defendants filed the present motion requesting that the Court enter an Order

"that counsel may conduct *ex parte*, or private interviews with treating physicians

who are not designated as expert witnesses, but only after informing those treating

physicians of their right to decline to be privately interviewed and providing them

with a copy of the Court's Order."  (Doc. 16 at 2.)  Plaintiff responded that she is

not seeking to prevent the disclosure of information by her treating health care

providers, only the "method by which defense counsel is permitted to collect that

information."  (Doc. 19 at 4.)  Plaintiff argues that the *ex parte* interviews

requested by Defendants are prohibited by HIPAA, which preempts "less stringent

Kansas laws, specifically K.S.A. § 60-247."  (*Id*. at 1.)  Defendants replied,

arguing that a HIPAA-compliant order "does not stand as a bar to *ex parte*

communications sought by Defendants."  (Doc. 21 at 1.)

2

## DISCUSSION

**1.     Ex Parte Contact With Treating Physicians.**

In making claims for personal injury, Plaintiff has clearly placed her medical condition at issue.  Therefore, Plaintiff cannot claim that her treating physicians are prevented from disclosing information concerning her medical condition by the physician-patient privilege which is codified in K.S.A. 60-427.[2]   Subsection (d) of that statute specifically states:

> There is **no privilege** under this section **in an action in which the condition of the patient is an element or factor of the claim** or defense of the patient or of any party claiming through or under the patient or claiming as a beneficiary of the patient through a contract to which the patient is or was a party.  (Emphasis added).

Thus, there is no issue of waiver of the privilege in the present case; the privilege simply does not exist.  *See Bryant v. Hilst*, 136 F.R.D. 487, 491 (D. Kan. 1991) (holding "[t]he issue is not waiver or partial waiver, there is simply no privilege available to the plaintiff.").  Judges in this District consistently have held that *ex*

---

[2]  Fed.R.Evid. 501 provides that in civil proceedings, where state law provides the rule of decision concerning a claim or defense, the privilege of a witness or person is to be determined in accordance with state law.  Here the parties agree that Kansas law is the basis for the wrongful death and personal injury claims by Plaintiffs.

*parte* communications with treating physicians are permissible in cases, such as the present one, in which the medical condition of the plaintiff is an issue.  *See **G.A.S. v. Pratt Regional Medical Center, Inc., et al.***, No. 05-1267-JTM, June 8, 2006, Memorandum and Order (Magistrate Judge Karen Humphreys), at 2-3 (attached as Ex. 3 to Defendants' Joint Motion, Doc. 29) (collecting decisions from this District).  *See also **Lake v. Steeves,*** 161 F.R.D. 441 (D.Kan. 1994) (District Judge Sam A. Crow); ***McGee v. Stonebridge Life Insurance Co.,*** No. 05-4002-JAR, June 28, 2005, Memorandum and Order (Magistrate Judge K. Gary Sebelius). While the Court appreciates Plaintiff's citation to decisions from various jurisdictions and has reviewed and considered these cases, it finds no reason to part with the well-reasoned line of decisions from *this* District.  The Court also finds that an extended discussion of those prior decisions would not add anything substantive to the legal scholarship on this topic.

**2.      Provisions of HIPAA and 42 C.F.R., Part 2.**

Plaintiffs argue that HIPAA, the Health Insurance Portability and Accountability Act, has changed the landscape for production of medical information and that HIPAA preempts any state provisions on this topic unless the state law provisions are "more stringent" than the rules and regulations under HIPAA.  (Doc. 19 at 6-11.)  The Court, however, does not need to delve into the

intricacies of this argument because it finds that Defendants, by filing the present motion seeking a court order allowing the production of medical information and an *ex parte* contact with the treating physicians, has complied with the HIPAA regulations.

The Court is satisfied that Defendants have followed all the relevant procedural requirements and safeguards imposed by HIPAA. Those requirements are set out in 45 C.F.R. § 164.512(e)(1), and that section allows disclosure of protected health information

> "in the course of any judicial or administrative proceeding: (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order . . . ."

That is precisely what Defendants have done in this case by filing the instant motion and seeking a Court order allowing disclosure of Plaintiffs' medical information. The proposed Order (Doc. 21, Exh. B) clearly state what medical information is covered by the Orders thus allowing any medical providers to assure themselves that they are in compliance with the HIPAA requirements.

Plaintiffs argue that other subsections of section 164.512(e)(1) also govern in this case and that Defendants have not complied with those requirements. (Doc. 36 at 10-11.) The Court does not agree. Section 164.512(e)(1) sets out two

5

*separate and alternative* ways to obtain protected health information: one is by court order under subsection (i), and the other is by subpoena, discovery request, or other lawful process "that is <u>not</u> accompanied by an order of a court . . . ." (emphasis added) under subsection (ii).  Plaintiffs discuss several things that are required if a party proceeds under subsection (ii) by subpoena or discovery request, including the requirement that the party whose records are being sought is given notice under subsection (ii)(A), or that the party seeking the information secure a "qualified protective order" as described in subsections (ii)(B) and (v).  Any such "qualified protective order" is to include provisions that prohibit use of the information for any purpose other than the litigation and require the return of the information to the covered entity at the end of the litigation.  *See* 164.512(e)(1)(v)(A) and (B).  However, the provisions of subsections 164.512(e)(1)(ii), (iii), (iv) and (v), all apply *only* where the information is sought by subpoena or document request under subsection (ii), and *not* where the documents are to be provided in response to a court order for disclosure under subsection (i).[3]  Also, the proposed Order clearly informs any treating physician of their right to decline any request for *ex parte* communication.  (Doc. 21, Exh. B, at

---

[3] Even if the Court were to apply the requirements of section 164.512(e)(1)(v)(A) and (B) in this case, the Order proposed by Defendants specifically states that the Court is entering a "qualified protective order" and also contains the requirements of these subsections.

2.)  As such, the Court finds Defendants' proposed Order to be consistent with the practice in this District.

Finally, the proposed Order is consistent with the provisions of the Drug Abuse Prevention, Treatment, and Rehabilitation Act, 21, U.S.C. § 1175, which were later transferred into the Public Health Service Act, 42 U.S.C. § 290dd-2.  *See* 42 C.F.R. § 2.1 and 2.2.  (Doc. 21., Exh. B, at 2.)  As indicated in the proposed Order, the statute and regulations apply *only* to records of substance abuse treatment programs which are federally conducted, regulated or supported in a manner which constitutes Federal assistance under the regulations.[4]  *Id.; see also* 42 C.F.R. § 2.12(a)(2);  ***Beard v. City of Chicago,*** 2005 WL 66074 at * 4 (N.D. Ill. 2005) (Section 290dd-2 does not create a privilege that covers any and all records of substance abuse treatment but only those records of programs which are conducted, regulated or directly or indirectly assisted by an agency of the United States).  *See also*, ***Center for Legal Advocacy v. Earnest,*** 320 F.3d 1107 (10th Cir. 2003) (holding as a matter of law that a specific hospital's emergency department does not qualify as an alcohol or drug abuse "program" under the Part 2 regulations and therefore the hospital could not refuse production of the records in

---

[4] Nothing in this Memorandum and Order should be construed to prohibit Defendants from seeking an order in the future concerning production of substance abuse records which would be covered by 42 U.S.C. § 290dd-2 and 42 C.F.R., Part 2 if such records exist and if Defendants can satisfy the requirements of the statute and regulations.

reliance on the statute and regulations).

## CONCLUSION

Defendants' Motion (Doc. 15) is hereby **GRANTED**.  The Court shall contemporaneously enter the proposed Order for Inspection and Reproduction submitted by defense counsel.  (Doc. 21, Ex. B.)

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 12th day of October, 2006.

                                             __  s/ Donald W. Bostwick_____
                                             DONALD W. BOSTWICK
                                             United States Magistrate Judge